■ Austrian Lance & Stewart, P. C., Respondent, v Joe B. Jackson, Appellant, et al., Defendants.—Judgment of the Supreme Court, New York County, entered December 31, 1974, unanimously affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. In connection with the appeal from the judgment, we have, pursuant to CPLR 5501 (subd [a], par 1), reviewed the order entered December 2, 1972 granting plaintiff's motion for summary judgment and directing an assessment of damages; and we affirm said order. When, following the grant of summary judgment, the matter came on for trial to assess the damages, the parties entered into a stipulation agreeing that the reasonable value of the services sued upon was $50,000. Hence the only question remaining on this appeal is the validity of the order granting summary judgment. We affirm that order for the reasons given by Bloustein, J., in his opinion granting the motion. Concur—Stevens, P. J., Markewich, Kupferman, Capozzoli and Lynch, JJ.

■ Herman Cohen et al., Respondents, v J. A. Maurer, Inc., et al., Appellants and Third-Party Plaintiffs-Appellants. Daniel R. Ehrlich et al., Third-Party Defendants-Respondents.—Order, Supreme Court, New York County, entered July 11, 1975, denying the motion to vacate the statement of readiness, unanimously affirmed. Plaintiffs-respondents shall recover of appellants $40 costs and disbursements of this appeal. Issue was joined in this action in November, 1972. Discovery proceedings commenced shortly thereafter in April, 1973. The note of issue was filed in April, 1975, two years later. Defendant belatedly alleges that it seeks discovery of another of the individual plaintiffs, Herman Cohen, who was directed to appear for deposition but did not do so. Concededly, no efforts were made from April, 1973 (the conclusion of the examination of one plaintiff) through April, 1975 (when the statement of readiness was filed) to conduct further discovery proceedings relating to Herman Cohen, either by interrogatories or deposition. No sanctions were sought to prevent Herman Cohen from testifying at trial based on his failure to participate in any discovery proceedings. Under the circumstances, it was provident for Special Term to deny vacatur of the statement of readiness. Concur—Kupferman, J. P., Lupiano, Lane, Nunez and Lynch, JJ.